UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICE STONE | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-0027-AH |
| | § | |
| CAC VI LIMITED PARTNERSHIP, et al. | § | |
| | § | |
| | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

    Pursuant to the written consents of the parties and the District Court's order of transfer of February 10, 2006, came on to be considered the motion to dismiss filed by Virginia CAC VI Limited Partnership; CAC VI Special General, Inc.; CAC VI Special General, LLC; Cornerstone Acquisition Company, LLC; Cornerstone Realty Income Trust, Inc. and Estrada Oaks Apartments on April 6, 2006, and the motion for summary judgment filed by all Defendants on May 22, 2006, together with the respective briefs and appendices submitted and a copy of all documents from the state court proceeding, *see* 28 U.S.C. § 1446(a), and the court finds and orders as follows:

**Factual Background**

    On November 15, 2003, Plaintiff Alice Stone slipped and fell on a set of stairs on the premises of Estrada Oaks Apartments. As a result of the fall, Plaintiff claims to have suffered a fracture to her right arm, fractures to her left knee, and injuries to her shoulder and right ankle.

**Procedural History**

    Plaintiff filed a personal injury action against Defendants in County Court of Dallas

County at Law No. 5 on November 15, 2005. In her petition, Plaintiff alleged that Defendants occupied, controlled, managed and maintained the premises of Estrada Oaks Apartments. Plaintiff requested citations to be issued on the same day. Process was later served on CT Corporation, a registered agent for some of Defendants, on December 8, 2005.

Defendants removed the action to federal court on January 5, 2006, on the basis of diversity of citizenship; *see* 28 U.S.C. §§ 1332(a)(1), 1332(b), 1441; and filed their answer to Plaintiff's original complaint on the same day. Thereafter, on April 6, 2006, Virginia CAC VI Limited Partnership; CAC VI Special General, Inc.; CAC VI Special General, LLC; Cornerstone Acquisition Company, LLC; Cornerstone Realty Income Trust, Inc. and Estrada Oaks Apartments filed a motion to dismiss for want of personal jurisdiction.

On May 18, 2006, Defendants' counsel filed an Amended Certificate of Conference in which she informed the court that after discussing the above filed motion to dismiss with Plaintiff's counsel, that they agreed to dismissal of all movant defendants. Therefore, the only remaining defendant is CAC VI Limited Partnership (owner of Estrada Oaks Apartments).

On May 22, 2006, Defendants filed their motion for summary judgment. Plaintiff filed her response on June 8, 2006, and Defendants filed a reply on June 16, 2006.

**Summary Judgment–Standard of Review**

To prevail on a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986). The materiality of facts is determined by substantive law. *Anderson*, 477 U.S.

at 248, 106 S. Ct. at 2510.  An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law.  *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994).  Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue.  *Anderson*, 477 U.S. at 256-257, 106 S. Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986).  Neither conclusory allegations nor hearsay statements are competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the opponent's claim.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  The court must resolve any factual controversies in favor of the non-moving party.  *Richter v. Merchants Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996).  Thus, in reviewing all of the evidence, the court must consider it in a light most favorable to Ms. Stone's claims, drawing all factual inferences therefrom and making all credibility determinations related therefrom in her favor.  However, summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

      In the instant case, Defendant argues that summary judgment is appropriate because Plaintiff served Defendant over three weeks after the expiration of the applicable statute of limitations.

**Failure to Exercise Due Diligence in Serving Defendant**

When a federal court considers a state law claim under its diversity jurisdiction, the applicable state statute of limitations governs the determination of whether the claim is time-barred. *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1016 (W.D. Tex. 2000) (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n.1 (5th Cir. 1998)). Under section 16.003(a) of the Texas Civil Practice and Remedies Code, a plaintiff alleging personal injury must bring suit "not later than two years after the day the cause of action accrues." "To 'bring suit' within the two-year limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *see also Saenz v. Keller Indus. of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992) (applying the "due diligence" standard in a diversity case). If a plaintiff files a petition near the close of the limitations period but does not effect service of process until after the limitations period has expired, "the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." *Gant*, 786 S.W.2d at 260.

Where a defendant files a motion for summary judgment on the basis that the plaintiff failed to exercise due diligence in effecting service, the defendant has the initial burden to establish as a matter of law that service was not effected until after the limitations period had run. *Harrell v. Alvarez*, 46 S.W.3d 483, 485 (Tex. App.-El Paso 2001, no pet.). In this case, the summary judgment evidence establishes that Defendant was not served with process until December 8, 2005, more than three weeks after the expiration of the prescriptive two-year

limitations period.[1]  (Pl.'s Brief Opposing Defs.' Mot. Summ. J., App. at 8-9.)

When the defendant is able to establish this initial defense, the burden shifts to the plaintiff to show that she exercised due diligence in serving the defendant.  *Id.* at 485-86.  A plaintiff exercised due diligence in attempting to serve a defendant if she: "(1) acted as an ordinary prudent person would under the same circumstances, and (2) was diligent up until the time the defendant was served."  *$6453.00 v. State*, 63 S.W.3d 533, 536 (Tex. App.-Waco 2001, no pet.)  The length of the delay between the filing of suit and the service of process is not the critical factor in determining whether the plaintiff exercised due diligence; rather, a court will determine the existence of a factual dispute based on the plaintiff's proffered explanation for the delay, if any.  *See Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex. App.-San Antonio 2001, pet. denied); *Saenz*, 951 F.2d at 667-68; *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126, 128 (Tex. App.-Texarkana 1986, no writ).  Where a plaintiff submits evidence to explain the delay, Texas state courts generally decline to find a lack of due diligence as a matter of law unless the proffered explanation affirmatively establishes a lack of reasonable diligence.  *See Saenz*, 951 F.2d at 667, *Valdez*, 715 S.W.2d at 128.

In response to Defendant's motion for summary judgment, Plaintiff attached the affidavit of Maria Sotelo who worked as a legal assistant at the offices of Bailey, Galyen & Gold during the time period when the firm filed suit on Plaintiff's behalf.[2]  (Pl.'s Brief Opposing Defs.' Mot. Summ. J., App. at 10-11.)  In her affidavit Ms. Soltelo avers that she filed the civil complaint at issue in this case on November, 15, 2005, and requested citations to be issued on the same day.

---

[1] Defendant failed to submit a copy of the citation it received.  Instead, such evidence was provided by Plaintiff.

[2] Plaintiff is no longer represented by the firm and is proceeding *pro se*.

(Pl.'s Brief Opposing Defs.' Mot. Summ. J., App. at 10).  While she acknowledges that the Clerk of Court issued the citations a few days after she submitted her request, she alleges that they were sent to the law firm's office in Arlington, Texas rather than to the office where she worked in Bedford, Texas.  (Pl.'s Brief Opposing Defs.' Mot. Summ. J., App. at 11.)  Ms. Sotelo states that it took her "a few days" to locate the citations and have them mailed to the Bedford office.  (Pl.'s Brief Opposing Defs.' Mot. Summ. J., App. at 11.)  Thereafter, she contacted a process server who picked up the citations "soon afterward."  Two exhibits included in Plaintiff's appendix reveal that the citations were issued on November 17, 2005, and that the process server picked up the citations on November 30, 2005.  (Pl.'s Brief Opposing Defs.' Mot. Summ. J., App. at 8, 12.)

Defendant argues it its reply that the evidence submitted by Plaintiff fails to establish due diligence as a matter of law.  However, on a motion for summary judgment, Plaintiff had the burden to demonstrate the existence of a factual dispute regarding her exercise of due diligence, not to establish due diligence as a matter of law.  Plaintiff satisfied this burden by submitting evidence showing that Ms. Sotelo requested the issuance of citations on the same day she filed suit on Plaintiff's behalf and that she contacted a process server within two weeks of issuance, after locating the citations at the firm's Arlington offices and requesting that they be sent to her at the firm's office in Bedford.  This explanation, on its face, does not affirmatively establish a lack of due diligence.  Moreover, Defendant did not produce any evidence that challenged the truthfulness or accuracy of Ms. Sotelo's contentions.

**IT IS, THEREFORE, ORDERED** that Defendant CAC VI Limited Partnership's motion for summary judgment is denied.

**IT IS FURTHER ORDERED** that, Defendants Virginia CAC VI Limited Partnership; CAC VI Special General, Inc.; CAC VI Special General, LLC; Cornerstone Acquisition Company, LLC; Cornerstone Realty Income Trust, Inc. and Estrada Oaks' unopposed motion to dismiss for lack of jurisdiction is granted.

A copy of this order will be transmitted to Alice Stone and to counsel for CAC VI Limited Partnership.

Signed this 19th day of October, 2006.

/s/ Wm. F. Sanderson Jr.
Wm. F. Sanderson Jr.
United States Magistrate Judge